```
            UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
                  WESTERN DIVISION
```

COURTNEY B. COLLINS                                          PLAINTIFF

VERSUS                              CIVIL ACTION NO. 5:08cv203-DCB-JMR

MARSHALL FISHER, as Director of the
Mississippi Bureau of Narcotics,
KYLE REYNOLDS, PHILLIP POPE, and
WILLIE WATKINS, as agents/employees
of the Mississippi Bureau of Narcotics                      DEFENDANTS

## ORDER

This matter comes before the Court on the plaintiff's Motion to Remand [**docket entry no. 3**]. Having considered said Motion in light of all applicable law and being otherwise fully advised in the premises, the Court finds and orders as follows:

On April 17, 2008, plaintiff Courtney B. Collins filed an action in the Circuit Court of Yazoo County, Mississippi, against Marshall Fisher (Director of the Mississippi Bureau of Narcotics) and Kyle Reynolds, Phillip Pope, and Willie Watkins (agents/employees of the Mississippi Bureau of Narcotics). In her Complaint [docket entry no. 1-3], the plaintiff "seeks damages for the deprivation by all defendants, while acting under color of state law, of Plaintiff's civil rights, privileges, and immunity [sic] secured and protected by the Constitution and laws of the United States." (Compl. 1.) In addition, the plaintiff states that "[t]his action is brought pursuant to 42 United States Code, Sections 1983 and 1988, and the First, Fourth, Ninth and Fourteenth

Amendments to the United States Constitution . . . ." (Compl. 1.) Elsewhere in the Complaint, under the heading of "FEDERAL CLAIMS," the plaintiff pleads three counts of violations of the Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution. (Compl. ¶¶ 21-23.) The plaintiff also asserts six counts based upon state law. (Compl. ¶¶ 24-30.)

On May 21, 2008, several defendants filed a Notice of Removal [docket entry no. 1] of the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, predicating the Court's jurisdiction upon 28 U.S.C. § 1331. (Not. Remov. ¶¶ I-III.)

The plaintiff filed the instant Motion to Remand [docket entry no. 3] on June 18, 2008. In her Motion, the plaintiff contends that inasmuch as state courts have concurrent authority with courts of the United States to hear § 1983 claims and such claims are routinely adjudicated in Mississippi courts, this case "can and should be resolved in a state court, specifically the Circuit Court of Yazoo County, Mississippi." (Mot. Rem. ¶ 3.) Seizing upon a quote from a case[1] in the defendants' Notice of Removal, the plaintiff argues that this Court should remand the case to state court because "the issues in the instant case are not uniquely federal in nature and do not raise 'a substantial question of federal law.'" (Mot. Rem. ¶ 5.)

---

[1] Howery v. Allstate Ins. Co., 243 F.3d 912, 917 (5th Cir. 2001) ("Federal jurisdiction exists if the party's right to relief requires resolution of a substantial question of federal law.")

In response, the defendants argue that the mere fact that a state court possesses concurrent jurisdiction with a federal court over a § 1983 action does not require the remand of such an action to state court.

Title 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." According to the United States Court of Appeals for the Fifth Circuit, "[w]hether a claim arises under federal law is a question determined by reference to the plaintiff's 'well-pleaded complaint.'" PCI Transp., Inc. v. Fort Worth & Western R.R. Co., 418 F.3d 535, 543 (5th Cir. 2005) (internal citations omitted).

"Under the well-pleaded complaint rule, 'federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.'" Hoskins v. Bekins Van Lines, 343 F.3d 769, 772 (5th Cir. 2003) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987)). "As a defendant may remove a case only if the claims could have been brought in federal court, 'the question for removal

jurisdiction must also be determined by reference to the well-pleaded complaint.'"  PCI Transp., Inc., 418 F.3d at 543 (quoting Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 808, 106 S. Ct. 3229, 3232, 92 L. Ed. 2d 650 (1986)).

In her Complaint, the plaintiff states that "[t]his action is brought pursuant to 42 United States Code, Sections 1983 and 1988, and the First, Fourth, Ninth and Fourteenth Amendments to the United States Constitution . . . ." (Compl. 1.)  Clearly, then, the plaintiff asserts a claim pursuant to the cause of action created by 42 U.S.C. § 1983; therefore, a federal question appears on the face of her well-pleaded Complaint.[2]  Inasmuch as "[t]here

---

[2] Contrary to the plaintiff's contention, the fact that state courts may have concurrent jurisdiction with federal courts over § 1983 claims is entirely irrelevant to the propriety of removal. Rather, the critical question for determining whether removal was available to a defendant/defendants is whether the action could have been brought in federal court in the first instance — i.e. does the district court have original jurisdiction?  28 U.S.C. § 1441(a).  Were the plaintiff's line of reasoning followed and the mere existence of concurrent jurisdiction in the state courts sufficient to override a defendant's exercise of his right of removal, then removal to federal court would only be appropriate when jurisdiction over an action was vested exclusively in the federal courts — i.e. only in situations where the state courts do not have concurrent jurisdiction.  This would virtually eliminate the removal right altogether.  The plain language of § 1441(a) and a colossal amount of case law mandate otherwise.

Moreover, the "substantial question of federal law" inquiry urged by the plaintiff is made only when exclusively state law claims contain one or more federal ingredients that are so significant that they arguably give rise to federal question jurisdiction.  See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 125 S. Ct. 2363, 162 L. Ed. 2d 257 (2005). Where — as in this case — the plaintiff pleads a cause of action created by a law of the United States in her Complaint, the action invariably and by definition arises under federal law and the Court

is no question that section 1983 cases filed in state court may be removed to federal court because they are cases that could have originally been filed in federal court[,]" <u>Cervantez v. Bexar County Civil Serv. Comm'n</u>, 99 F.3d 730, 733 (5th Cir. 1996), the defendants' removal of the action to this Court pursuant to 28 U.S.C. § 1441 was proper.  Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motion to Remand [**docket entry no. 3**] is **DENIED**.

**SO ORDERED**, this the 11th day of August 2008.

                                  <u>/s/ David Bramlette</u>
                                  **UNITED STATES DISTRICT JUDGE**

---

has original jurisdiction under 28 U.S.C. § 1331.